
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOUTHERN CALIFORNIA ALLIANCE OF PUBLICLY OWNED TREATMENT WORKS, and CENTRAL VALLEY CLEAN WATER ASSOCIATION,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; JARED BLUMENFELD, REGIONAL ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, REGION IX; and DOES 1 to 10,<br><br>Defendants. | No. 2:14-cv-01513-MCE-DAD<br><br>**ORDER** |

Through the motion presently before this Court, the National Association of Clean Water Agencies ("NACWA") seeks leave to file an amicus brief in support of Plaintiffs' Complaint for Declaratory Judgment and Injunctive Relief ("Complaint"). According to NACWA's proposed brief, it is a non-profit trade association representing the interests of publicly owned wastewater and stormwater utilities across the United States. NACWA claims its members include nearly 300 municipal clean water agencies nationwide --

1   including 29 in California – that own, operate, and manage publicly owned treatment
2   works, wastewater sewer systems, stormwater sewer systems, and water reclamation
3   districts.  NACWA alleges those agencies handle all aspects of wastewater collection,
4   treatment and discharge.
5   　　　　Plaintiffs' Complaint alleges that, on March 17, 2014, Defendants illegally and
6   improperly approved the California Regional Water Quality Control Board's request to
7   use a newly formulated technology for testing water toxicity.  That decision approved the
8   new procedure, which was called the two-concentration Test of Significant Toxicity
9   ("TST"), as an Alternative Test Procedure ("ATP") for determining compliance with the
10  Clean Water Act.  NACWA requests permission to file an amicus brief on grounds that it
11  can provide useful information to the Court in describing how the TST procedure is
12  scientifically unsound, improper in light of the procedural requirements for establishing
13  test methods under the Administrative Procedure Act, and endangers NACWA members'
14  compliance with the National Pollutant Discharge Elimination System.  NACWA argues
15  that it can provide a broader nationwide perspective than Plaintiffs on the issues already
16  raised regarding TST.
17  　　　　Whether to permit an amicus filing rests solely within this Court's discretion, with
18  "great liberality" typically exercised in permitting amicus curiae briefing in the context of a
19  pending case.  In re Roxford Foods Litig., 790 F. Supp. 987, 997 (E.D. Cal. 1991).
20  Given that liberal standard, and after considering the merits of NACWA's position and
21  the government's opposition, the Court exercises its discretion in favor of permitting the
22  requested amicus filing.  NACWA's Motion for Leave to File Amicus Brief (ECF No. 66) is
23  accordingly GRANTED.[1]  NACWA is ordered to file its proposed amicus brief forthwith.
24  ///
25  ///
26  ///
27
28  　　　[1] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Eastern District of California Local Rule 230(g).

1  The government's response, if any, to the amicus brief shall be filed not later than thirty
2  (30) days after this order is electronically filed and shall not exceed twelve (12) pages in
3  length, a limitation consistent with the 12-page size of NACWA's amicus filing.  No reply
4  will be permitted.
5      IT IS SO ORDERED.
6  Dated:  April 12, 2016

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT